# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL MORAN, IDOC # K60125, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-692-GPM |
| | ) |
| MARVIN F. POWERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Daniel Moran, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the closed maximum security prison at the Tamms Correctional Center ("Tamms"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Moran's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Moran's pro se complaint and the documentation submitted by Moran in support thereof, in July 2007 Moran began to experience pain and swelling in his groin and testicles. A nurse took a urine sample from Moran and on July 9, 2007, Moran was examined by Defendant Dr. Marvin F. Powers, a physician at Tamms, who prescribed Bactrim to Moran for seven days. Moran continued to complain of pain in his groin and was examined by Powers again on August 27, 2007, but no treatment was prescribed to Moran as a result of the examination. According to Moran, he was examined several times in 2007 by nurses and by Powers concerning pain in his testicles and swelling in his groin. In 2008, Powers advised Moran to drink more water as a treatment for Moran's condition, but the prescribed treatment was ineffective. Also, in 2008 or 2009, Powers advised Moran to see if more frequent ejaculations might improve Moran's condition. In 2008 or 2009 Moran informed Powers and nurses at Tamms that he thought his medical condition might be due to a hernia. On May 18, 2009, Powers again advised Moran to drink

water as a remedy for Moran's condition. Powers stated that there was nothing he could prescribe to Moran for his condition and that he did not believe Moran had a hernia. On December 23, 2009, Powers ordered a second test of Moran's urine. It appears that Moran was given urine tests in December 2009, May 2010, and 2011, but the tests did not disclose any medical condition from which Moran was suffering. In February 2011, Moran asked Powers to administer an x-ray to him, but the request was denied; Powers also denied a request by Moran to be examined by a specialist. Although Powers told Moran that he was going to prescribe medication to him, Moran received no such medication. In July 2011, and on other occasions Moran was prescribed pain medication by Powers. In July 2011 Moran told a nurse at Tamms that pain medication that had been prescribed to him had not been effective. In June 2011 Moran wrote to Defendant Nigel Vinyard, the health care unit administrator at Tamms, complaining of pain and swelling in his testicles and requesting an x-ray or sonogram, but Moran received no response from Vinyard. Moran alleges that he has been the victim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Named as Defendants in Moran's complaint, in addition to Powers and Vinyard, are Roger E. Walker and S.A. Godinez, who are, respectively, past and present directors of the IDOC. Moran alleges that he suffers continuing pain and swelling in his groin and seeks compensatory and punitive damages, as well as equitable relief.

It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has instructed, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel

and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297). The indicia of a serious medical need are: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "the presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (quotation omitted). *See also Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill*., 220 F.3d 805, 810 (7th Cir. 2000)) ("An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'").

In this case, the allegations of Moran's complaint do not show that medical personnel at Tamms were deliberately indifferent to Moran's serious medical needs, and instead Moran's allegations amount to complaints that the treatment he has received has been ineffective and that he should have received different treatment. However, deliberate indifference is "something approaching a total unconcern for [a prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). This total disregard for a prisoner's safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Under the Eighth Amendment standard, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation and brackets omitted). Moran's allegations against Powers and Vinyard amount to quibbles about the quality of the medical care Moran has received, allegations that plainly fail to rise to the level of an Eighth Amendment violation. "Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview. Such matters are questions of tort, not constitutional law." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted). Similarly, the ineffectiveness of a physician's chosen course of treatment, even if it is the result of the physician's negligence or, possibly, gross negligence, does not rise to the level of deliberate indifference to a prisoner's serious medical needs. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation

merely because the victim is a prisoner."); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000) ("A doctor might be careless . . . , and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard."); *Snipes*, 95 F.3d at 590 (citing *Wilson*, 501 U.S. at 305) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Freeman v. Fairman*, 916 F. Supp. 786, 791 (N.D. Ill. 1996) ("[O]rdinary medical malpractice based upon negligence in providing care does not state a claim under the Eighth Amendment."). Accordingly, Moran's claims against Powers and Vinyard will be dismissed.

With respect to Walker and Godinez, Moran's complaint is devoid of specific allegations linking Walker and Godinez to violations of Moran's constitutional rights. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Correspondingly, a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan.25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). Said differently, a Section 1983 plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of a complaint. *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan.14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Additionally, Moran's constitutional complaint against Walker and Godinez is merely that they failed to exercise their authority as heads of the IDOC to

remedy supposed misconduct against Moran by Powers and Vinyard. There is, of course, a constitutional right to address complaints to state officials. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). However, the right to petition the government for redress of grievances "does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Also, "a citizen's right to petition the government does not guarantee . . . the right to compel government officials to . . . adopt a citizen's views." *Webb v. Randle*, Civil No. 10-470-GPM, 2011 WL 678815, at *4 (S.D. Ill. Feb. 16, 2011) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)) (brackets omitted). The Seventh Circuit Court of Appeals specifically has held that a prison official's denial of a prisoner's grievances about the conditions of his or her confinement, even if wrongful, is not a basis for a claim under Section 1983. "Only persons who cause or participate in the violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). Thus, "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id*. at 609-10. *See also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights[.]"). In this case Moran alleges merely that Walker and Godinez had overall control of the IDOC and failed to remedy alleged misconduct against Moran by Powers and Vinyard. This does not state a claim upon which relief may be granted. Accordingly, Moran's claims against Walker and Godinez based on allegedly wrongful failure to remedy the supposed misconduct of Powers and Vinyard will be dismissed for failure to state a claim for relief.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Moran's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Moran is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: September 16, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge